UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILIP H. STENGEL,<br><br>                     Plaintiff,<br>  v.<br><br>FIRST NATIONAL BANK OF OMAHA,<br><br>                     Defendant. | CASE NO. 3:25-cv-05903-DGE<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 10) |

       Before the Court is Plaintiff Philip Stengel's Motion for Default Judgment. (Dkt. No. 10.) As explained below, the record fails to demonstrate that Defendant First National Bank of Omaha ("FNBO") was properly served with a copy of the summons and complaint. Therefore, this motion is DENIED.

       This dispute arises out of Plaintiff's credit card accounts with FNBO. (Dkt. No. 3 at 1–2.) Plaintiff alleges that on September 5, 2025, FNBO decreased Plaintiff's primary card limit from $12,800 to $2,900 without stating a specific reason. (*Id.* at 2.) Plaintiff filed an arbitration demand with the American Arbitration Association ("AAA") on September 22, 2025. (*Id.*) On

October 3, 2025, after FNBO was served with the arbitration demand, FNBO decreased Plaintiff's second card limit from $3,800 to $1,500, spiking Plaintiff's utilization of the card to approximately 93 percent. (*Id.*)  On October 5, 2025, AAA issued a letter "declining to administer the arbitration because FNBO was not compliant with AAA consumer-clause requirements." (*Id.*)  Plaintiff alleges that FNBO has furnished and continues to furnish credit-limit data that, "due to its own retaliatory cuts, is inaccurate or misleading as to Plaintiff's credit risk." (*Id.*)

Plaintiff filed suit against FNBO on October 7, 2025. (Dkt. No. 3.)  The Clerk of Court issued a summons (Dkt. No. 4) and proof of service was filed on October 10, 2025, indicating service was accomplished on October 9, 2025. (Dkt. No. 6).  On October 31, 2025, Plaintiff moved for default. (Dkt. No. 7.)  The Clerk entered default against Defendant on the same day. (Dkt. No. 9.)

As a preliminary step, the Court must determine whether it has both subject matter and personal jurisdiction over the parties.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Under Rule 4(h)(1), service upon a domestic corporation may be effected pursuant to the law of the state in which the district court is located, or by serving an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process.

Here, the Clerk of Court issued a summons for Defendant's registered agent, CT Corporation System, located at 711 Capitol Way South, Suite 204, Olympia, Washington 98501. (Dkt. No. 4 at 1.). The proof of service of the summons and complaint reflects that the summons was served on October 9, 2025 on Devin Welker, operations specialist at CT Corporation System located at 5601 S. 59th Street, Lincoln, Nebraska. (Dkt. No. 6 at 2, 4.) A second proof of service of the summons and complaint reflects that the summons was served on October 9, 2025 on Zach Belitz, paralegal at First National Bank of Omaha 1620 Dodge St., Omaha, Nebraska. (Dkt. No. 6 at 3.) Plaintiff fails to plead facts as to why CT Corporation System in Washington can accept service on behalf of FNBO. Furthermore, even if in fact the company could accept service, Plaintiff provides no information why CT Corporation System's Nebraska address as opposed to its Washington address is the proper place to provide notice to FNBO of this lawsuit. Additionally, Plaintiff fails to show how service to a paralegal at FNBO's mailing address comports with Washington law for service of an entity.

Plaintiff's motion for default judgment also does not analyze the controlling standards for this motion set out in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). (*See* Dkt. No. 10 at 2.) Under *Eitel*, before granting a motion for default judgment, the Court must consider: (1) possible prejudice to the plaintiff; (2) the merits of the plaintiff's claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a factual dispute; (6) whether the default was potentially due to excusable neglect; and (7) the general policy that cases be decided on the merits. *See id.* In considering these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Here, Plaintiff seeks $25,290 in damages but has not

provided evidence to explain or justify that amount.  Hence, beyond the lack of proper service, the *Eitel* factors support a denial of Plaintiff's motion.

Accordingly, Plaintiff's motion for default judgment (Dkt. No. 10) is DENIED.  Plaintiff may file a new motion for default judgment that addresses the deficiencies identified in this Order no later than **December 5, 2025**.[1]  Failure to comply will result in the Court setting aside the entry of default and possibly dismissing the case without prejudice.

Dated this 18th day of November, 2025.

David G. Estudillo
United States District Judge

---

[1] The Court notes that counsel for Defendant filed a notice of appearance on November 17, 2025. (Dkt. No. 12.)  It might be beneficial for the Parties to contact each other and discuss the status of this matter.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 10) - 4