UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILIP H. STENGEL,<br><br>               Plaintiff,<br><br>  v.<br><br>FIRST NATIONAL BANK OF OMAHA,<br><br>               Defendant. | CASE NO. 3:25-cv-05903-DGE<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT (DKT. NO. 15) AND DENYING AS MOOT PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT (DKT. NO. 20) |

Before the Court is Defendant First National Bank of Omaha's ("FNBO") motion to set aside default (Dkt. No. 15) and Plaintiff Philip Stengel's renewed motion for default judgment (Dkt. No. 20).  For the reasons explained, the Court GRANTS FNBO's motion to set aside default and DENIES AS MOOT Plaintiff's renewed motion for default judgment.

**I    BACKGROUND**

Plaintiff filed suit against FNBO on October 7, 2025.  (Dkt. No. 3.)  The Clerk of Court issued a summons (Dkt. No. 4) and proof of service was filed on October 10, 2025, indicating service was accomplished on October 9, 2025.  (Dkt. No. 6).  The proof of service of the

summons and complaint reflects that the summons was served on Devin Welker, operations specialist at CT Corporation System located at 5601 S. 59th Street, Lincoln, Nebraska. (Dkt. No. 6 at 2, 4.) A second proof of service of the summons and complaint reflects that the summons was served on October 9, 2025 on Zach Belitz, paralegal at First National Bank of Omaha located at 1620 Dodge Street, Omaha, Nebraska. (*Id.* at 3.)

On October 31, 2025, Plaintiff moved for default. (Dkt. No. 7.) The Clerk entered default against Defendant on the same day. (Dkt. No. 9.) Plaintiff moved for default judgment. (Dkt. No. 10.) The Court denied Plaintiff's motion for default judgment because the record failed to demonstrate that FNBO was properly served with a copy of the summons and complaint. (Dkt. No. 11.) The Court noted Plaintiff failed to plead facts as to why CT Corporation System's Nebraska address was the proper place to provide notice to FNBO of the lawsuit, or how service to a paralegal at FNBO's mailing address comported with Washington law for service of an entity. (*Id.* at 3.)

On November 25, 2025, FNBO filed a motion to set aside default. (Dkt. No. 15.) Plaintiff filed a response (Dkt. No. 19) and a renewed motion for default judgment, along with two supplemental proofs of service (Dkt. Nos. 20, 21, 24).[1]

## II   LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default for good cause. Courts consider three factors to determine good case: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no

---

[1] The first proof of service of summons was on Jeff Johnston, a paralegal and custodian of records as FNBO. (Dkt. No. 21.) The second proof of service of summons declares that a copy of "Defendant First National Bank of Omaha's Motion to Set Aside Entry of Default" was served on Rachel Johnson, senior specialist at FNBO. (Dkt. No. 24.) Both proofs of service indicate documents were delivered after FNBO's motion to set aside default was filed.

ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT (DKT. NO. 15) AND DENYING AS MOOT PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT (DKT. NO. 20) - 2

meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up).  A court may refuse to set aside entry of default if it finds any of these factors is present—i.e. that the defendant engaged in culpable conduct, lacks a meritorious defense, or relief would prejudice the plaintiff.  *Id.*  The court's discretion as to whether the moving party establishes good cause "is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment."  *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).  Because "a case should, whenever possible, be decided on the merits," *Mesle*, 615 F.3d at 1091 (citation omitted), "[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of" setting aside the default.  *Mendoza*, 783 F.2d at 945–46 (citation omitted).

### III    ANALYSIS

The three *Mesle* factors establish good cause to set aside the entry of default against FNBO to resolve Plaintiff's claims on the merits.

**A.  FNBO Did Not Engage in Culpable Conduct**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092.  A "conscious choice not to answer" a complaint is not enough; "the movant must have acted with bad faith." *Id.*

The record is not clear as to whether FNBO received actual or constructive notice of this action.  First, Plaintiff told the Clerk of Court that FNBO's "registered agent" CT Corporation System should be served at 711 Capitol Way South, Suite 204, Olympia, Washington 98501. (Dkt. No. 1-3.)  The summons for FNBO was instead served on CT Corporation System located

1   at 5601 South 59th Street, Lincoln, Nebraska.  (Dkt. Nos 6 at 2; 7-1.)  Because the summons was

2   served at an address other than the one provided by Plaintiff, the Court is not persuaded FNBO

3   ever received or was aware of this action before entry of default.

4         Second, Plaintiff served a copy of the summons and complaint on Zach Belitz, paralegal

5   at FNBO.  (Dkt. No. 6 at 3.)  Plaintiff fails to show how this service comports with Federal Rule

6   of Civil Procedure 4(h).  In support of its motion to set aside default, FNBO filed a declaration

7   by Anthony Vote, senior manager and qualified custodian of records for credit card accounts at

8   FNBO.  (Dkt. No. 16.)  Vote testified Plaintiff did not serve an FNBO officer or its managing or

9   general agent, and the complaint did not reach his department "until close to the time Plaintiff

10  requested that the Clerk find that FNBO was in default."  (*Id.* at 2.)  Vote further testified that

11  after receiving the complaint, FNBO worked diligently to locate local counsel to assist with the

12  case.  (*Id.*)

13        Finally, nothing suggests FNBO's failure to answer the complaint amounted to bad faith.

14  FNBO therefore did not engage in culpable conduct.

15      **B.  FNBO Raises a Meritorious Defense**

16        "A defendant seeking to vacate a default judgment must present specific facts that would

17  constitute a defense.  But the burden on a party seeking to vacate a default judgment is not

18  extraordinarily heavy."  *Mesle*, 615 F.3d at 1094 (citation omitted).  A defendant need only

19  "allege sufficient facts that, if true, would constitute a defense."  *Id.*

20        Plaintiff's complaint alleges that FNBO decreased Plaintiff's primary card limit

21  arbitrarily and decreased his second card limit in retaliation for Plaintiff filing an arbitration

22  demand with the American Arbitration Association.  (Dkt. No. 3 at 2.)  Plaintiff further states

23  FNBO had furnished and continues to furnish credit-limit data that is inaccurate or misleading as

24

to Plaintiff's credit risk. (*Id.*) FNBO argues the cardmember agreement between the parties allowed FNBO to raise or limit Plaintiff's credit limit "at any time for any reason." (Dkt. No. 15 at 4.) FNBO's argument thus establishes a "legally cognizable defense[]" as to the sufficiency of the complaint, *Lee v. Thornburg Mortg. Home Loans Inc.*, No. 14-cv-00602-NC, 2014 WL 1724850, at *3 (N.D. Cal. Apr. 29, 2014), and raises factual questions that "go to the merits of the case, and should not be decided on a motion to set aside default." *Operating Engineers' Health & Welfare Tr. Fund for N. Cal. v. Vortex Marine Constr. Inc.*, No. 17-cv-03614-KAW, 2018 WL 1993392, at *4 (N.D. Cal. Apr. 27, 2018).

### C. Plaintiff Would Not Be Prejudiced by the Relief

Prejudice occurs when a plaintiff's ability to pursue his claim would be hindered by setting aside the entry of default. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.*

The Court concludes Plaintiff would not be prejudiced by setting aside the default. FNBO has just recently appeared in this matter, and no answers or substantive motions have been filed. There is no reason to believe the delay here would result in a "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.*

In sum, the three *Mesle* factors establish good cause to set aside the entry of default against FNBO under Rule 55(c).

## IV   CONCLUSION

FNBO's motion to set aside the entry of default (Dkt. No. 15) is GRANTED, and Plaintiff's renewed motion for default (Dkt. No. 20) is DENIED AS MOOT.  The Clerk of Court is directed to set aside the entry of default against FNBO.  FNBO shall file a response to the complaint in accordance with the Federal Rules of Civil Procedure no later than January 27, 2026.

Dated this 6th day of January, 2026.

David G. Estudillo
United States District Judge