UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILIP H. STENGEL,

                Plaintiff,

    v.

FIRST NATIONAL BANK OF OMAHA,

                Defendant.

CASE NO. 3:25-cv-05903-DGE

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 33) AND DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 34)

Before the Court is Defendant First National Bank of Omaha's ("FNBO") motion to dismiss (Dkt. No. 33) Plaintiff Philip Stengel's amended complaint (Dkt. No. 30) and Plaintiff's motion for leave to file second amended complaint (Dkt. No. 34).  For the foregoing reasons, FNBO's motion to dismiss is GRANTED and Plaintiff's motion for leave to file second amended complaint is DENIED.

## I    BACKGROUND

Plaintiff filed his amended complaint on January 27, 2026.  (Dkt. No. 30.)  He alleged that on September 5, 2025, FNBO reduced the credit limit of his FNBO consumer credit card

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 33) AND DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 34) - 1

account (the "Primary Account") "from approximately $12,800 to approximately $2,900." (*Id.* at 2.)  The notice informing Plaintiff of the credit reduction listed categories such as "'Total monthly payments on open credit card account,' 'Current payment amount as % of amount due,' and 'Number of revolving trades with a balance,' along with credit score related factors," which Plaintiff contends are "generic." (*Id.*)  On September 22, 2025, Plaintiff initiated an arbitration demand concerning FNBO's conduct; Plaintiff alleges FNBO had notice of Plaintiff's dispute and arbitration activity.  (*Id.*)

Plaintiff held a second FNBO credit card account with a credit limit of approximately $3,800 (the "Second Account").  (*Id.*)  He alleged that on October 3, 2025, FNBO reduced the Second Account's credit limit "from approximately $3,800 to approximately $1,500." (*Id.*)  The notice informing Plaintiff of the second credit reduction allegedly "relied on generic categories rather than specific, principal reasons tied to what FNBO actually relied on." (*Id.*)  Plaintiff contends the second reduction "occurred shortly after Plaintiff initiated arbitration, and after FNBO had notice of Plaintiff's protected activity." (*Id.*)  Plaintiff alleges the two reductions caused "foreseeable injury, including loss of available credit, increased utilization, and credit profile impacts, along with related financial disruption." (*Id.* at 3.)

Plaintiff brought two causes of action against FNBO: (1) Equal Credit Opportunity Act ("ECOA") retaliation under 15 U.S.C. § 1691(a)(3); and (2) violation of Regulation B of the ECOA, 12 C.F.R. § 1002.9.  (*Id.* at 3–4.)  In its motion to dismiss, FNBO asserts both causes of action fail as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 33 at 1.)

## II    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true [even if doubtful in fact]." *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.  "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (internal citation omitted).

## III    DISCUSSION

### A.  ECOA Retaliation Claim

The ECOA provides, "it shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . because the applicant has in good faith exercised any right under this chapter." 15 U.S.C. § 1691(a)(3).  To state an ECOA

retaliation claim, a plaintiff must allege sufficient facts to show that "(1) he engaged in a statutorily protected activity; (2) [he] suffered an adverse credit action; and (3) a causal connection exists between the two." *Shah v. JPMorgan Chase Bank, N.A.*, Case No. 2:24-cv-08601-AH (Ex), 2025 WL 1421290, at *4 (C.D. Cal. May 8, 2025) (quoting *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998) (adopting a Title VII-like framework)).

Plaintiff alleges he engaged in protected activity when he disputed FNBO's conduct and initiated arbitration on September 22, 2025. (Dkt. No. 30 at 2.) He concludes the "close timing between Plaintiff's protected activity and the second credit limit decrease, together with FNBO's knowledge of Plaintiff's protected activity, supports a plausible inference that FNBO took the second adverse action because Plaintiff exercised protected rights." (*Id.* at 3.)

Plaintiff's claim of ECOA retaliation based on the Second Account "amount[s] to nothing more than unwarranted factual inferences and legal conclusions that are insufficient to state a claim." *Lewis*, 135 F.3d at 407. He alleges no direct evidence to establish a causal connection between his alleged protected activity of initiating arbitration and FNBO's reduction in credit to his Second Account on October 3, 2025. Rather, he relies on the single inference that the temporal proximity of the events demonstrates "a plausible inference of retaliation." (Dkt. No. 30 at 2; *see also* Dkt. No. 35 at 4 ("At the pleading stage, notice plus temporal proximity plausibly supports retaliatory causation.").) That Plaintiff initiated arbitration on September 22, 2025 and FNBO reduced the credit limit on Plaintiff's Second Account on October 3, 2025 does not in and of itself lead to the conclusion that the second credit reduction was retaliatory. It is "causation, not temporal proximity alone," that is an element of a retaliation claim. *Blanchard v. Lahood*, 461 Fed. App'x. 542, 544 (9th Cir. 2011) (discussing retaliation in the employment context). Plaintiff's complaint contains no facts to shade in his speculation that there is a causal link

between his arbitration initiation and the credit reduction to his Second Account.  Thus, Plaintiff's ECOA retaliation claim as to his Second Account fails.

**B.  Regulation B Violation Claim**

Regulation B provides various notification requirements under the ECOA.  *See* 12 C.F.R. § 1002.9.  Relevant here, creditors must provide 30 days' notice after taking adverse action on an existing account, and the notice must include either a statement of the specific reasons for the action taken or a "disclosure of the applicant's right to a statement of specific reasons within 30 days, if the statement is requested within 60 days of the creditor's notification."  *Id.* §§ 1002.9(a)(1)(iii); 1002.9(a)(2).  The statement of reasons must "be specific and indicate the principal reason(s) for the adverse action."  *Id.* § 1002.9(b)(2).

Plaintiff fails to state a claim for a violation of Regulation B because he does not allege facts that show the notice FNBO provided was in any way inconsistent with the regulation's notification requirements.  Plaintiff alleges the adverse action notices "did not provide a statement of the specific, principal reasons FNBO actually relied on," which prevented him "from meaningfully understanding the basis of the decisions and from evaluating or correcting what FNBO claimed drove the adverse actions."  (Dkt. No. 30 at 3–4.)  In its motion to dismiss, FNBO points out that its credit reduction notifications provided Plaintiff with three specific reasons as to why FNBO was lowering his credit limit.  (Dkt. No. 33 at 5.)

Nothing in the ECOA or its regulations calls for the level of specificity Plaintiff demands.  All that is required is the "principal reason(s) for the adverse action," 12 C.F.R. § 1002.9(b)(2), but a "'creditor need not describe how or why a factor adversely affected an applicant.'"  *Rodgers v. Ally Bank*, Case No. CV 25-1351 PA (ADSx), 2025 WL 2019380, at *6 (C.D. Cal. July 3, 2025) (quoting 12 C.F.R. § 1002.9(b)(2), Supp. I, cmt. for 1002.9 – Notifications

¶ 9(b)(2)); *see also Shah*, 2025 WL 1421290, at *3 (rejecting argument that creditor failed to comply with the ECOA because it did not specify which account he was associated with); *Carr v. Cap. One Bank (USA) N.A.*,No. 1:21-cv-2300-AT-JKL, 2021 WL 8998918, at *8 (N.D. Ga. Dec. 8, 2021) ("The ECOA, however, does not require a creditor to provide much detail about the reasons underlying an adverse action.").

FNBO reduced Plaintiff's credit limit because of "'Total monthly payments on open credit card account,' 'Current payment amount as % of amount due,' and 'Number of revolving trades with a balance,' along with credit score related factors." (Dkt. No. 30 at 2.)  This explanation is sufficient under the relevant regulations and caselaw.  Without anything more than "'labels and conclusions,'" Plaintiff's claim of a Regulation B violation cannot clear the motion to dismiss hurdle.  *Ashcroft*, 556 U.S. at 678 (citation omitted).  It too is dismissed under Federal Rule of Civil Procedure 12(b)(6).

### C.  Motion for Leave to File Second Amended Complaint

On the same day FNBO filed its motion to dismiss, Plaintiff moved for leave to file second amended complaint to add a single factual detail: that he submitted "a complaint to the Consumer Financial Protection Bureau on September 7, 2025."  (Dkt. Nos. 34; 34-2 at 3.)

Typically, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  While courts favor granting leaves to amend, five factors can lead courts to deny such motions: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) [if] the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 33) AND DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 34) - 6

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The Court's analysis focuses on whether Plaintiff's amendment would be futile. "A court may deny leave to amend 'where the amendment would be futile . . . or where the amended complaint would be subject to dismissal.'" *Puget Soundkeeper All. v. APM Terminals Tacoma LLC*, 545 F. Supp. 3d 893, 896 (W.D. Wash. 2021) (quoting *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)). "A proposed amendment will be rejected as futile 'if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Walters v. Superior Tank Lines Nw. Div., LLC*, Case No. C19-0191RSL, 2019 WL 3067299, at *1 (W.D. Wash. July 12, 2019) (quoting *Combs v. Lehman*, Case No. C08-5063 RJB/KLS, 2010 WL 1537289, at *1 (W.D. Wash. Apr. 15, 2010) (citation omitted)).

Granting Plaintiff leave to file his proposed second amended complaint would be futile because Plaintiff still fails to state a claim. As stated previously, to state a claim for ECOA retaliation, Plaintiff must allege sufficient facts to show: "(1) he engaged in a statutorily protected activity; (2) [he] suffered an adverse credit action; and (3) a causal connection exists between the two." *Shah*, 2025 WL 1421290, at *4 (quoting *Lewis*, 135 F.3d at 406). Like his first amended complaint, absent in Plaintiff's proposed second amended complaint are any facts that support the inference that his complaint to the Consumer Financial Protection Bureau motivated FNBO's decision to reduce to limit on his Second Account. Again, Plaintiff's proposed second amended complaint "amount[s] to nothing more than unwarranted factual inferences and legal conclusions[,]" and therefore, it "stops short of the line between possibility and plausibility." *D. Carlyle Int'l LLC v. J.P. Morgan Chase & Co.*, Case No. 10 Civ.

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 33) AND DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 34) - 7

6039(RMB), 2011 WL 1676049, at *4 (S.D.N.Y. Apr. 26, 2011) (dismissing ECOA retaliation claim where the plaintiffs failed to plead a plausible causal connection between their protected activity and the adverse action); *Twombly*, 550 U.S. at 557.

Because Plaintiff's proposed amended complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court concludes amendment would be futile.  *See Mendina v. Garcia*, 165 F. Supp. 3d 861, 875 (N.D. Cal. 2016) ("'[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[]'" under the Rule 12(b)(6) standard. (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998) (citations omitted))); *see also Hunter v. U.S. Dep't of Educ.*, 650 F. Supp. 3d 1104, 1118 (D. Or. 2023) (a court need not grant leave to amend in cases when permitting the plaintiff to amend would be "an exercise in futility").

**IV    CONCLUSION**

Therefore, Plaintiff's motion for leave to file a second amended complaint (Dkt. No. 34) is DENIED, and FNBO's motion to dismiss (Dkt. No. 33) is GRANTED.  Plaintiff's complaint (Dkt. No. 30) is DISMISSED.  This matter is now closed.

Dated this 12th day of March, 2026.

David G. Estudillo
United States District Judge

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 33) AND DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 34) - 8